**Russell FROHMUTH, Plaintiff–Appellant,**

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE; Emmett H. Turner, Chief of Police, et al., Defendants,**

**Anthony Bourk, Defendant–Appellee.**

**Russell Frohmuth, Plaintiff–Appellee,**

v.

**Metropolitan Government of Nashville and Davidson County, Tennessee; Emmett H. Turner, Chief of Police, et al., Defendants,**

**Jonathan Welch, Defendant–Appellant.**

Nos. 02–6284, 02–6285.

United States Court of Appeals, Sixth Circuit.

June 3, 2004.

Rehearing En Banc Denied Aug. 19, 2004.

Jon C. Peeler, Jeffery S. Frensley, Ray & Frensley, Nashville, TN, for Plaintiff-Appellant.

Francis H. Young, Metropolitan Department of Law, Nashville, TN, for Defendant–Appellee and Defendants.

John D. Schwalb, Williams & Schwalb, Franklin, TN, William M. Carter, Gallatin, TN, for Defendant–Appellant.

Before: MARTIN, CLAY and CUDAHY,* Circuit Judges.

MARTIN, Circuit Judge.

In Case No. 02–6284. Russell Frohmuth appeals the district court's judgment directing a verdict in favor of Anthony Bourk on his excessive force claim brought pursuant to 42 U.S.C. § 1983. In Case No. 02–6285. Jonathan Welch appeals a jury verdict entered against him on Frohmuth's claim of excessive force. Because Case No. 02–6284 and 02–6285 arise from the same set of facts, they are hereby consolidated and will be addressed jointly in this opinion. For the reasons that follow, we AFFIRM the judgments of the district court.

## I.

On August 31, 1999. Frohmuth brought an action pursuant to 42 U.S.C. § 1983 alleging that Sergeant Bourk and Officer Welch, as well as other defendant officers, used excessive force in violation of the Fourth Amendment in effectuating his arrest for burglarizing a United States Post Office—a charge to which Frohmuth ultimately pleaded guilty. Additionally, Froh-

---

* The Honorable Richard D. Cudahy, Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

muth asserted a state law based assault and battery claim. During a pre-trial hearing the district court concluded that it would allow Frohmuth to enter evidence, under Rule 803 of the Federal Rules of Evidence, of the disciplinary actions taken against Welch and another defendant officer for using force in excess of department regulations.

Upon the close of Frohmuth's proof, the defendants each moved for a judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The district court granted the motion as to Bourk, as well as one other defendant, but denied the motion as to the other defendants, including Welch. At the close of the evidence, the remaining defendants renewed their motions for judgment as a matter of law, which the district court denied. Thus, the case was submitted to the jury, which returned a verdict against Welch on the excessive force claim, but not on the state assault and battery claim. Additionally, the jury found in favor of the defendants on Frohmuth's remaining claims.

Thereafter, both Frohmuth and Welch made post-verdict motions. Frohmuth, arguing that the district court erred in directing a verdict in Bourk's favor, sought judgment as a matter of law or in the alternative a new trial. Welch, arguing that there was insufficient evidence that he used excessive force, motioned for judgment as a matter of law. Additionally, Welch filed a motion for a new trial arguing, in part, that the jury verdict was against the great weight of the evidence, that the jury returned inconsistent verdicts by finding that he did use excessive force yet did not commit an assault and battery under state law, and that the district court should have excluded the evidence that the police department took disciplinary action against him for his actions.

The district court, noting that Frohmuth had failed to move for a judgment as a matter of law before the case was submitted to the jury, as required by Federal Rule of Civil Procedure 50(a), treated Frohmuth's motion as a Rule 59(e) motion to alter or amend its judgment as a matter of law. Upon such consideration, the district court denied the motion. Additionally, in the same memorandum opinion and accompanying order, the district court denied Welch's motions. The parties each filed a timely notice of appeal.

## II.

■ In Case No. 02–6284, Frohmuth appeals the district court's grant of a directed verdict in favor of Bourk. Frohmuth argues that there was sufficient evidence of excessive force, such that the court should have submitted the case to the jury. Frohmuth relies upon two pieces of evidence in support of this argument. First, Frohmuth argues that the videotape shows Bourk standing over him raising a closed fist and lowering it in his direction. Second, Frohmuth argues that one of the officers present at the time of the incident, Officer Cooley, made a statement following the incident that he saw Bourk hit Frohmuth one time.

We review the grant of a directed verdict *de novo,* employing the same standard as used by the district court. *Lewis v. City of Irvine, KY,* 899 F.2d 451, 454 (6th Cir.1990). That is, we must determine without considering the weight of the evidence or the credibility of the witnesses, whether there is but one conclusion that reasonable people could draw. *Id.* Applying this standard, we find Frohmuth's arguments unpersuasive.

Because Frohmuth's drug induced state of mind made his memory of the incident "very hazy." he relies upon the videotape evidence that captured images from the incident. Our review of this videotape evi-

dence leads us to the conclude that it is inconclusive as to whether or not Bourk's closed fist ever made contact with Frohmuth's body—a conclusion with which Frohmuth admittedly agrees. Given the procedural posture of this case, however, we must assume that Bourk's fist did land on Bourk's body—as corroborated by Officer Cooley's initial statement. *See Kostrzewa v. City of Troy,* 247 F.3d 633, 640 (6th Cir.2001). But, even making that assumption, after thoroughly reviewing the record on appeal including the videotape evidence, we find that there was insufficient evidence of excessive force to send this claim to the jury. Simply put, given the evidence presented. no reasonable jury could find that Bourk's actions rose to the level of excessive force.[1]

### III.

■ In Case No. 02–6285. Welch appeals the jury verdict entered against him on several grounds. First, he argues that the Court should have granted his motion for a new trial because the jury rendered inconsistent verdicts. Second. Welch argues that the district court erred in admitting into evidence a departmental disciplinary report finding that Welch failed to act in accordance with department regulations on the permissible use of force. Third, Welch argues that the district court erred "when it denied [his] motion for judgment after trial following the jury's finding that plaintiff failed to establish an essential element of the civil rights claim."

First, we turn to Welch's argument that the jury rendered inconsistent verdicts.

Welch argues that it was inconsistent for the jury to find that Frohmuth had proven the elements necessary to establish excessive force under federal law, but failed to establish that Welch had committed an assault and battery as defined by state law. Essentially, Welch argues that a finding that he did not commit assault and battery under state law necessitates a finding that he did not use excessive force under federal law. Mindful of our obligation to attempt to reconcile the alleged inconsistent jury verdicts, we look to the jury instructions challenged in this case. *See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines. Ltd.,* 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved in that way."); *Morales v. Am. Honda Motor Co., Inc.,* 151 F.3d 500, 509 (6th Cir.1998).

In order for the jury to have returned a guilty verdict against Welch on the state assault and battery claim, it had to find that Welch's actions proximately caused Frohmuth's bodily injuries. *See* Joint Appendix ("J.A.") at 113 ("Plaintiff must also prove, by a preponderance of the evidence, that Mr. Welch's acts were the *proximate cause* of the *damages* plaintiff is claiming.") (emphasis added); *Id.* at 114 ("A plaintiff who has suffered any *bodily harm* legally caused by an assault and battery is entitled to recover damages from the defendant for that injury.") (emphasis added). Thus, the jury could only find that Welch committed an assault and battery

---

1. Moreover, we reject. Frohmuth's attempt to influence our decision by referencing alleged comments made by jurors to the effect that they would have found against Bourk had the case been submitted for their consideration. Indeed, Frohmuth admits that we can not properly consider this evidence. Appellant's Br. at 11 ("Counsel is aware of the well-established law with regard to the use of information about the deliberatory [sic] process of the jury and does not seek relief in this matter based upon that fact."). As Bourk suggests, we, indeed, "look with extreme disfavor [on Frohmuth's] causal attempt to impregnate [his] appeal with impermissible evidence" under the thinly veiled guise of "feeling obligated" to bring incompetent evidence to our attention.

against Frohmuth, if it found that Frohmuth suffered a bodily injury. Contrarily, the instruction on the excessive force claim contained no such limitation. As the district court succinctly noted: "The jury may have concluded that Frohmuth did not suffer a physical injury so as to entitle him to recover for assault and battery. By contrast. Frohmuth's mental anguish may have formed the basis for the jury finding in the § 1983 context."[2]

Notably, Welch fails to identify even one case that adequately supports his conclusion under Tennessee law. In *Thompson v. Williamson County, Tenn.*, 965 F.Supp. 1026, 1038 (M.D.Tenn.1997)—the only case applying Tennessee law that Welch cites— the court noted that the existence of disputed issues of genuine fact as to whether a defendant used excessive force necessarily precluded summary judgment as to whether the defendant committed an assault and battery under Tennessee law. Because the excessive force claim arose from the same set of facts as did the state law assault and battery claim, a finding that there existed material factual disputes on one claim obviously precluded a finding that the other claim was appropriate for summary judgment dismissal. This sound conclusion, however, fails to support Welch's argument, either directly or inferentially, that a finding that a defendant did not commit an assault and battery auto-

matically precludes a finding that the defendant used excessive force. Thus, for the foregoing reasons, we find Welch's first argument unpersuasive. Moreover, because Welch's third argument essentially replicates his first, we conclude that it too lacks merit.

Second, Welch argues that he was entitled to a new trial because the district court improperly admitted into evidence the disciplinary report which found that Welch violated department standards governing reasonable use of force. We review evidentiary rulings for an abuse of discretion. *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 547 (6th Cir.2003). Upon our thorough review of the record and arguments raised by Welch, we are convinced that the district court did not err in admitting this testimony under Rule 803(8) of the Federal Rules of Evidence. *See Combs v. Wilkinson*, 315 F.3d 548, 554–56 (6th Cir.2002); *Wilson v. Beebe*, 770 F.2d 578, 590 (6th Cir.1985).

For the foregoing reasons, we AFFIRM the judgments of the district court in Case No. 02–6284 and 02–6285.

CLAY, Circuit Judge, concurring in part, dissenting in part.

I believe that the jury rendered an inconsistent and contradictory verdict with respect to the excessive force claim pursuant to 42 U.S.C. § 1983 and the state law

---

**2.** The dissent argues based upon its reading of *Stallworth v. City of Cleveland*, 893 F.2d 830 (6th Cir.1990). that the jury verdicts were inconsistent. Facially similar, in *Stallworth*, we found that it was proper for the district court to require that the jury further deliberate after it found the defendant guilty of excessive force, but not assault and battery under state law, because the verdicts were inconsistent. *Id.* at 832–33. We conclude that *Stallworth* is distinguishable.

In *Stallworth*, the instructions were constructed in such a manner so that the jury could not find that the defendant committed excessive force without finding that the plain-

tiff suffered physical injuries. *Id.* ("whether Plaintiff had established, by a preponderance of the evidence, that she suffered physical injuries proximately caused by Defendant Currie's use of excessive force."). Stated otherwise, because the *Stallworth* jury was only able to base its finding of excessive force upon the physical force that the defendant used, it could not, under any reasonable reading of the instructions, find that the defendant used excessive force, but did not commit an assault and battery. In this case, as discussed, the instructions required no such physical injury in order to find the Welch guilty of excessive force.

tort claim of assault and battery—when the verdict is considered in light of the pleadings, evidence, and jury instructions. I therefore respectfully dissent from this portion of the majority opinion, which pertains to Case No. 02–6285: I concur in the majority's opinion with respect to the other issues raised on appeal with respect to Case No. 02–6284 and Case No. 02–6285.

The jury determined Defendant Welch to be liable for the constitutional excessive force claim under § 1983, but not to have committed the alleged assault and battery. The question presented, then, is whether Defendant can be deemed to have inflicted emotional distress damages so as to have violated § 1983, at the same time that the very thing which would have caused the emotional distress, the assault and battery, did not occur, or at least was not proven by a preponderance of the evidence. This is not to say that there can never be a determination of entitlement to compensatory damages in a plaintiff's favor in the absence of an actual or threatened physical touching, it is simply that in the instant case a physical assault and battery was all that was alleged and supported by the evidence.

In determining that there was no evidentiary basis for an excessive force claim based on physical force, the jury was not entitled to render a verdict for mental or emotional injury. The only wrongdoing alleged, for which there is a basis in the record, is that Defendant Welch perpetrated a "foot strike" and a "shotgun butt" to Plaintiff's head. The jury having found in Defendant's favor on those allegations, there was a complete absence of any other allegations or evidentiary basis upon which the jury could have awarded mental distress damages.

The principal case in our circuit, which is controlling on these facts, is *Stallworth v. City of Cleveland,* 893 F.2d 830, 832 (6th Cir.1990) (affirming the trial court's deci-

sion to send the jury back to continue deliberating, because, based on the jury instructions which did not allow the jury to consider the defendant's use of excessive force for its § 1983 action without considering the actual physical contact that caused plaintiff's injury, the jury could not have found for the plaintiff on its § 1983 claim without finding that same use of force by the defendant triggered assault and battery liability). *Stallworth* indicates that a defendant cannot be liable for the use of excessive force, resulting in emotional distress damages, in the absence of an assault and battery under circumstances where only an assault and battery has been alleged. *Id.* at 833.

Since the verdict seems inconsistent and contradictory, indicating that the jury was either in a state of confusion or abused its power. I would reverse and remand for a new trial as requested by Defendant.